UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(Boston Division)

CASE NO. 17-CR-10265

UNITED STATES OF AMERICA,

        Plaintiff,

v.

SALLY ANN JOHNSON,

        Defendant.

## SENTENCING MEMORANDUM

The Defendant, SALLY ANN "ANGELA"[1] JOHNSON, through undersigned counsel, submits this memorandum in aid of sentencing. For the reasons explained *infra*, it is respectfully requested that this Court impose a sentence lower than the advisory guideline range set forth in the Presentence Investigation Report as such a sentence would be "sufficient, but not greater than necessary" to comply with the goals of sentencing. *See* 18 U.S.C. § 3553(a).

## BACKGROUND

Angela Johnson is a 41-year old U.S. Citizen. She has no criminal record, a second grade education,[2] and is self-employed as a spiritual advisor, consultant, and licensed psychic. (PSI at ¶¶ 87-89). Ms. Johnson is a member of the American Romani;

---

[1] Although the Government suggests the Defendant used the name "Angela" as an "alias" as part of a "scheme to defraud", the truth is that Ms. Johnson has, for as long as she can remember, used the name Angela.

[2] She does have basic writing skills and can read on a second or third-grade level.

an insular ethnic and religious sect with very unique beliefs regarding the supernatural, formal education, and the role of the sexes. (PSI at ¶ 67). She and her companion, Anthony Ephraim, have two children, Jonathan (age 19) and Justin (age 15), in common who split their time between her residence in New York, New York, and his residence in Aventura, Florida. *Id.* Mr. Ephraim also has a 22-year old daughter, Gabriella, from a previous relationship that Ms. Johnson also regards as her own who is also a psychic and numerologist. (PSI at ¶ 66).

Ms. Johnson pleaded guilty to a one-count Information charging her with Attempting to Interfere with the Administration of Internal Revenue Laws, in violation of 26 U.S.C. § 7212(a). (PSI at ¶ 1). The offense is a Class E Felony which carries no statutory minimum sentence and a statutory maximum sentence of 36 months imprisonment. It is undisputed that Ms. Johnson's unreported income came from one of her clients, "V.P." in exchange for rendering services as a spiritual advisor. Indeed, no evidence exists that "V.P." was deprived of the services she paid to receive. To be sure, however, the parties dispute the amount of money earned versus that given as a gift (PSI at pp. 31-32), as well as whether the funds were generated from criminal activity. (PSI at p. 30).

The U.S. Probation officer completing Ms. Johnson's Presentence Investigation Report determined her advisory Sentencing Guideline Range to be between 24 and 30 months imprisonment after finding that the tax loss is $713,460.00. Ms. Johnson filed objections arguing for a lower guideline range of 12 to 18 months imprisonment based on a tax loss of less than $250,000.00. The Government, on the other hand is seeking the maximum statutory sentence of 36 months' imprisonment. The Government's rationale

for seeking such a sentence is based on "the seriousness of her crime, its duration, its effect, and the source of the income she was concealing – proceeds of an exploitative and fraudulent relationship with an elderly woman of diminished capacity. . . ." To be sure, the defense disagrees with the Government's rationale as there was nothing "fraudulent" about the services she provided to "V.P." and nothing "exploitive" about the relationship between "V.P." and Ms. Johnson. Finally, there is insufficient evidence showing that "V.P." either suffered from a diminished capacity while Ms. Johnson was working with her or, if she did, that Ms. Johnson knew of it.

Accordingly, this sentencing memorandum is offered to assist the Court in fashioning a just sentence for Ms. Johnson. Nothing set forth is offered as an excuse for Ms. Johnson's tax evasion, but only to provide the Court with a complete picture of her life, her ethnicity, her profession, and her relationship with "V.P." In assessing what sentence is reasonable under 18 U.S.C. § 3553(a), and given the totality of the circumstances, Ms. Johnson respectfully requests that this Court impose a sentence lower than the advisory guideline range set forth in the Presentence Investigation Report consistent with her previously-filed objections thereto as such a sentence would be both reasonable and sufficient.

## CONTROLLING LEGAL PRINCIPLES

In *Rita v. United States*, 551 U.S. 338 (2007), the United States Supreme Court explained the process and substantive standards that govern sentencing in the post-*Booker* landscape. The sentence ultimately must reflect the Court's own assessment of the sentence that is required under § 3553(a). And the command of § 3553(a) is clear: consistent with the principle of parsimony, the sentence must be "sufficient, but not

greater than necessary" to comply with the purposes set forth in § 3553(a)(2). *Rita v. United States*, 551 U.S. 338 (2007); *Gall v. United States*, 552 U.S. 38 (2007); *Kimbrough v. United States*, 552 U.S. 85, 109-110 (2007).

With this in mind, the Court is urged to employ fair and due consideration of the characteristics mentioned *infra* that weigh in favor of a mitigated sentence in this case.

### LEGAL AND FACTUAL BASES FOR A SENTENCE BELOW THE ADVISORY GUIDELINE RANGE

**The Nature and Circumstances of the Offense:**

Ms. Johnson pleaded guilty to one-count violation of 26 U.S.C. § 7212 because she failed to file (and consequently remit) her federal income taxes from 2007 to 2014. According to Statistics maintained by the US sentencing Commission, the average sentence for tax offenses in the 1st Circuit in 2016 was 15 months imprisonment and nationally it was 20 months imprisonment. *See* United States Sentencing Commission, Statistical Information Packet, Fiscal Year 2016, First Circuit, attached as Exhibit A.

With respect to her commission of this offense, the Government suggests (contrary to Probation's determination) that Ms. Johnson should receive a sentence at the statutory maximum because Ms. Johnson's unreported income was derived though fraud. Worse, the Government suggests that Ms. Johnson's purported fraud victimized an elderly woman with a diminished capacity. The Government's suggestion in this regard is based on a few select pages of "V.P.'s" diary entries, a purported psychological evaluation conducted months after Ms. Johnson had stopped working for "V.P.", and the misguided notion that a belief in the supernatural is evidence of a psychological deficiency.

It is undisputed that V.P. sought Ms. Johnson's services as a spiritual advisor.

Contrary to the Government's suggestion, though, V.P's emails from between 2009 and 2012 reveal that "V.S." had many friends and interests.  *See* emails attached as Exhibit B.  Her emails show her to be a true believer in, and practitioner of, various spiritual rituals.  *Id*.  She was also very giving to charity, political causes, family members, friends, and spiritual advisors.  *Id*.  Indeed, when compared to the handful of journal entries cited by the government, the dozens of emails sent by V.P. to Ms. Johnson between 2009 and 2012 show her to be anything but the isolated, disturbed, delusional, elderly woman portrayed by the Government.  *Id*.  She gardened, cooked, visited with friends, neighbors, and relatives, sang in the choir, traveled, and, all the while, practiced various forms of spiritual rituals that she believed would free her of her "demons."

The evidence shows V.P. to be both highly educated and eccentric.  She graduated from Radcliffe in the 50's and Harvard in the 70's.  *See* V.P.'s self-reported history attached as Exhibit C at 1.  She is, in her own words, "independently wealthy," she is "single and never married, [has] no children, [and] no significant other - but a variety of friends." *See* V.P. "intake interview" attached as Exhibit C at 1.  She has, for nearly four decades, practiced various forms of spiritual, energy, and Reiki. Exhibit C at 1.  She worked with several "energy healers," and spiritual advisors.  Exhibit C at 1.  Indeed, V.P. has believed for decades that she is "surprisingly psychic at times."  Exhibit C at 3.

**<u>Ms. Johnson's History and Characteristics</u>:**

Ms. Johnson had a difficult childhood.  She never really knew her abusive biological father as her mother left him when Ms. Johnson was 8 months old.  (PSI at ¶ 56).  Ms. Johnson's stepfather was also abusive and, at eight years old, her mother left him as well after Ms. Johnson threatened suicide if she did not leave.  (PSI at ¶ 57).

Because of her mother's drug use and relationships with men, Ms. Johnson ultimately decided to leave her mother during her adolescence and spent the remainder of her youth living with her grandparents.

Ms. Johnson's family is American Romani.  The Romani are a nomadic ethnic group living mostly in Europe and the Americas and originating from the northern Indian subcontinent 1,000 years ago.  Over 2 million Romani now reside in the Americas after migrating here in the 19th Century.  Among Romani beliefs is the belief that Romani women possess certain spiritual and/or psychic abilities.  Ms. Johnson's grandmother, mother, and stepdaughter each have (or had) these abilities.

Ms. Johnson has been a spiritual advisor and psychic for over 20 years.  In that time, and excepting the instant allegations by the Government with respect to V.P., she has never been accused of defrauding any of her clients.  Indeed, despite the instant allegations, Ms. Johnson has continued to serve her clients' spiritual needs for the entire time she has been under the supervision of pretrial services while this matter has been pending.

**CONCLUSION**

For the reasons set forth herein, it is respectfully requested that this Court impose a sentence of 12 months imprisonment.

Respectfully submitted,

**Law Offices of Paul D. Petruzzi, P.A.**
169 East Flagler Street
Suite 1241
Miami, FL 33131
Telephone: (305) 373-6773
Facsimile:   (305) 373-3832
E-mail: petruzzi-law@msn.com

By:   /s/ Paul Petruzzi
**PAUL D. PETRUZZI, ESQ.**
Florida Bar No. 982059

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 12, 2018, a true and correct copy of the foregoing was furnished to the Assistant United States Attorney assigned to this matter via e-mail.

By:   /s/ Paul Petruzzi
**PAUL D. PETRUZZI, ESQ.**
Attorney for Sally A. Johnson